UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

////////////////////////////////////////////////////////

JEFFERY KOPYSCINSKI,
                Plaintiff

V.                              Civil Action No. (Not Provided)

SOUTHWORTH COMPANY,
                Defendant

////////////////////////////////////////////////////////

OPPOSITION TO PETITION FOR REMOVAL

NOW COMES the plaintiff in the above referenced matter in opposition to Defendant's Petition to Remove this matter from Superior Court to Federal Court. In support of this opposition Plaintiff states:

1. On or about October 15, 2003, Attorney Susan Fentin was provided a draft copy of the complaint in question.

2. On December 23, 2003, Defendants were served the complaint in question and to date counsel has failed to answer same or contact Plaintiff's counsel to request an extension.

3. Plaintiff's complaint was filed in Superior Court as an employment discrimination/workers' comp case under M.G.L. ch. 152 Sec. 75B(2), public policy, and in retaliation for filing a workers' comp claim and raising OSHA violations to Defendant. (See Attachment A: Civil Action Sheet Served on Defendant December 23, 2003)

4. Plaintiff's complaint was properly filed with the Superior Court in accordance with M.G.L. ch. 152 (See Attachment B: M.G.L. ch. 152 Sec.75B(2) ).

5. Any reference to OSHA and/or the Defendants violation of those regulations have been alleged in this complaint for evidentiary purposes.

6. Any reference to OSHA and/or the Defendant's violation of those regulations have been alleged in this complaint to assist Plaintiff in establishing Defendant's history.

7. Plaintiff's complaint has been identified as a Fast track case under an employment discrimination case (B22) and Worker's Compensation (E11) (See Attachment A).

8. Removal of this action is improper as Superior Court retains exclusive jurisdiction in this matter. (See Attachment B: MG.L. ch. 152 Sec. 75B(2).

9. No federal question has been raised at this time to be properly before this Court.

WHEREFORE, Plaintiff, Jeffrey Kopyscinski, respectfully requests this Court deny Defendant's Petition.

Date: January 14, 2004

Respectfully submitted,
By Plaintiff's attorney,

/s/ Kathleen A. Moore-Kocot
Kathleen A. Moore-Kocot, Esq.
P.O. Box 162
Agawam, MA 01001
413-786-1184 (tel)
413-786-6030 (fax)
BBO#631622

CERTIFICATE OF SERVICE

I, Kathleen A. Moore-Kocot, Esq. do hereby certify that I served via first class mail, a true and accurate copy of Plaintiff's counsel's Appearance and Plaintiff's Opposition to Transfer to Federal Court upon the Defendant by mailing same to: Attorney Susan Fentin, Skolar, Abbott & Presser, P.C., One Monarch Place, Suite 2000, Springfield, MA 01144.

/s/ Kathleen A. Moore-Kocot
Kathleen A. Moore-Kocot, Esq.

# ATTACHMENT A

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) Clerk# 5382 $250 SSP 03 1079 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

PLAINTIFF(S): Jeffrey Kopyscinski

DEFENDANT(S): Southworth Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: Kathleen A. Moore-Kocot, P.O. Box 162, Agawam MA 01001, (413) 786-1184
Board of Bar Overseers number: 631-622

ATTORNEY (if known): Sue Fentin, Skoler, Abbott & Presser, Suite 2000, One Monarch Place, Springfield MA 01144

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.: B22
TYPE OF ACTION (specify): Employment Disc.
TRACK: (F)
IS THIS A JURY CASE? (X) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................ $
2. Total Doctor expenses ................. $
3. Total chiropractic expenses ............ $
4. Total physical therapy expenses ........ $
5. Total other expenses (describe) ........ $
   Subtotal $
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date .............. $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Wrongful Discharge in violation of M.G.L. ch 152 §75(b), Public Policy & in Retaliation for filing a w/c, MP Claim & raising OSHA violations. Plaintiff was terminated under the pretext of a job elimination/ restructuring decision by Defendant.   $ 75,000+
   TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 75,000+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record: Kathleen A. Moore-Kocot   DATE: 11/5/23

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| A02 Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| A03 Commercial Paper | (F) | C03 | Dispute concerning title | (F) | | | |
| A08 Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | E05 | All Arbitration | (X) |
| A12 Construction Dispute | (A) | C06 | Condominium lien and charges | (X) | E07 | c.112,s.12S (Mary Moe) | (X) |
| A99 Other (Specify) | (F) | C99 | Other (Specify) | (F) | E08 | Appointment of Receiver | (X) |
| **TORT** | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| B03 Motor Vehicle negligence-personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | E11 | Workman's Compensation | (X) |
| B04 Other negligence-personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| | | D06 | Contribution or Indemnification | (F) | E15 | Abuse Petition, G.L.c 209A | (X) |
| B05 Products Liability | (A) | D07 | Imposition of Trust | (A) | E16 | Auto Surcharge Appeal | (X) |
| B06 Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B07 Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | | | |
| B08 Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 Environmental | (A) | | | | | | |
| B22 Employment Discrimination | (F) | | | | | | |
| B99 Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

# ATTACHMENT B

**WORKERS' COMPENSATION** 152 § 75B

suitable job, and shall reimburse such reasonable attorney fees incurred in the protection of rights granted by this section as shall be determined by the court.

In the event that any right set forth in this section is inconsistent with an applicable collective bargaining agreement or chapter thirty-one, the collective bargaining agreement or said chapter thirty-one shall prevail.

Added by St.1985, c. 572, § 58.

### § 75B. Qualified handicapped persons; discrimination against employees exercising rights under this chapter; disclosure of data

(1) Any employee who has sustained a work-related injury and is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of such job with reasonable accommodations, shall be deemed to be a qualified handicapped person under the provisions of chapter one hundred and fifty-one B.

(2) No employer or duly authorized agent of an employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter, or who has testified or in any manner cooperated with an inquiry or proceeding pursuant to this chapter, unless the employee knowingly participated in a fraudulent proceeding. Any person claiming to be aggrieved by a violation of this section may initiate proceedings in the superior court department of the trial court for the county in which the alleged violation occurred. An employer found to have violated this paragraph shall be exclusively liable to pay to the employee lost wages, shall grant the employee suitable employment, and shall reimburse such reasonable attorney fees incurred in the protection of rights granted as shall be determined by the court. The court may grant whatever equitable relief it deems necessary to protect rights granted by this section.

(3) In the event that any right set forth in this section is inconsistent with an applicable collective bargaining agreement, such agreement shall prevail. An employee may not otherwise waive rights granted by this section.

(4) Upon a determination by the commissioner that a request for data maintained by the department is intended to be used in such a manner as to violate the purposes of this section, the commissioner may find that the disclosure of such data constitutes an unwarranted invasion of personal privacy pursuant to chapter four and deny said request. Nothing in this section shall be construed to prohibit an insurer's right to obtain any information held by the department regarding any employee who has filed a claim against such insurer.

Added by St.1985, c. 572, § 58. Amended by St.1986, c. 662, § 49; St.1991, c. 398, § 94.