UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**********************************
                                  *
JEFFREY KOPYSCINSKI,              *
                                  *
              Plaintiff,          *
                                  *
v.                                *       CIVIL ACTION NO. 04-30008-MAP
                                  *
SOUTHWORTH COMPANY,               *
                                  *
              Defendant.          *
                                  *
**********************************
```

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION TO REMAND

The Southworth Company ("Southworth"), Defendant removed this instant action to federal court on January 9, 2004, based on a federal question. A Petition to Remand was filed by Plaintiff on January 26, 2004. Defendant hereby files an Opposition to the Plaintiff's Petition to Remand. This court has jurisdiction over the Plaintiff's claims because his Complaint alleges violations of a federal statute. *See* 28 U.S.C. 1331 (granting the district courts "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States"). Accordingly, this court has and should retain jurisdiction over the Plaintiff's Complaint.

The Plaintiff, Jeffrey Kopyscinski, filed a Complaint in three counts in Massachusetts Superior Court. Count I was entitled "Wrongful Discharge." At Paragraph 35 of this Count, the Plaintiff alleged "In violation of M.G.L. Ch. 152 Section 28 and 75(b), Defendant terminated [plaintiff] for having reported on-going safety issues, machine malfunctions and for having filed a workers compensation claim." Although no count is entitled "Claim Under M.G.L. Ch. 152

Section 152," in the Petition to Remand, at Paragraph 1, Plaintiff asserts, *inter alia*, that "Plaintiff filed a complaint in Superior Court for violation of M.G.L. ch. 152 Sec. 75B(2) . . . ." The Plaintiff is correct: Under the liberal pleadings rules, he has indeed stated such a claim.[1] In virtually identical language in the following Paragraph of the Complaint, Paragraph 36, Plaintiff alleged: "In violation of OSHA regulations, Defendant terminated [plaintiff] for having reported on-going safety issues, machine malfunctions and for having filed a workers compensation claim." After the Defendant removed the Plaintiff's Complaint based on the clear claim that he was being discharged "in violation of" a federal statue and accompanying regulations, the Plaintiff filed his Petition to Remand, asserting at Paragraph 5, that his reference to OSHA and/or the Defendant's violation of those regulations were alleged in this Complaint "for evidentiary purposes." The Defendant respectfully submits that a claim in a Complaint that a defendant discharged an employee in violation of federal regulations establishes a federal question, and removal was appropriate.

The Plaintiff's common-law Complaint is premised in large part upon his allegations that he was terminated in retaliation for alleged complaints about his unsafe workplace, conditions that the Plaintiff alleges violated OSHA. The Plaintiff's Complaint is replete with references to this federal statute. In his Statement of Facts, he describes in detail the allegedly unsafe working conditions that he claims he was exposed to during his work at Southworth and the company's alleged failure to respond to these complaints. Complaint ¶¶ 5-13, 23-26, and 29. In Count I, he states a claim for "Wrongful Discharge . . . In violation of OSHA regulations . . . ." Complaint ¶

---

[1] While it would be preferable for a complaint to reference the statutory reference in the "Title of the Count," rather than titling the Complaint "wrongful discharge" and then specifying the statutory basis in the text, Defendant does not submit that the Complaint failed to put it on notice that it was brought, *inter alia*, on the basis of Mass. Gen. L. c. 152 § 75(B).

36. In Count II, he states a claim for "Retaliation" by the company "for having . . . raised OSHA violations and reported machine malfunctions to management." Complaint ¶ 41. The Plaintiff also cites violations of OSHA regulations as a basis for his claim for Intentional Infliction of Emotional Distress. Complaint ¶ 54.

This invocation of OSHA undeniably states a claim for violations of that statute and provides a basis for removing the Plaintiff's claims to this court. Ordinarily, federal question jurisdiction is established by looking simply at the well-pleaded complaint. Dean v. Compass Receivables Management Corp., 148 F. Supp. 2d 116, *118 (D. Mass. 2001) (*citing* Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Where a plaintiff's reliance on a federal statute is apparent from the face of the complaint, removal based on federal question jurisdiction is appropriate. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). The Plaintiff's undisputable reliance on OSHA as a basis for his claims provides sufficient basis for federal question jurisdiction.

By claiming a right to relief based on his discharge in violation of OSHA regulations, the Plaintiff has made the application of that statute, and its implementing regulations, an essential component of his claims, invoking federal jurisdiction. *See* Brough v. United Steelworkers of Am., 437 F.2d 748, 749 (1st Cir. 1971) (removal appropriate where support for jurisdiction appear on face of complaints and case depends on federal question).

A claim that an allegation that a discharge was in violation of OSHA regulations is not a piece of alleged evidence, it is a claim of unlawful conduct in violation of a federal law. Where a plaintiff's "well-pleaded complaint raises issues of federal law," the cause of action arises under federal law. Hunneman Real Estate Corp. v. Eastern Middlesex Ass'n of Realtors, Inc., 860 F.

Supp. 906, 909 (D. Mass. 1994).  In its seminal decision on this subject, the United States Supreme Court has held that the plaintiff is the "master of the claim; he or she may avoid federal jurisdiction by *exclusive reliance on state law*."  Id. (emphasis added).  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  A claim for retaliation for filing a Workers Compensation claim does not require, and is not assisted by, a claim that the discharge violated federal law as well.  The latter is simply an alternate claim that Plaintiff chose to put forward.  The Plaintiff could have easily pled solely a state law claim, he did not do so.  Accordingly, removal to this court was completely appropriate, and the Plaintiff's Petition to Remand should be denied.

                              Respectfully Submitted,

                              /s/ Susan G. Fentin
                              Susan G. Fentin, Esq.
                              BBO No. 632962
                              Counsel for Southworth Company
                              Skoler, Abbott & Presser, P.C.
                              One Monarch Place, Suite 2000
                              Springfield, Massachusetts  01144

Dated:  February 6, 2004             Tel.: (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon Plaintiff's counsel, Kathleen A. Moore-Kocot, P.O. Box 162, Agawam, MA 01001, by first-class, U.S. mail, postage prepaid on February 6, 2004.

                              /s/ Susan G. Fentin
                              Susan G. Fentin, Esq.