UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**********************************
* 
JEFFREY KOPYSCINSKI,              *
                                  *
            Plaintiff,        *
                                  *
v.                                *          CIVIL ACTION NO. 04-30008-MAP
                                  *
SOUTHWORTH COMPANY,               *
                                  *
            Defendant.        *
                                  *
**********************************

## REPORT OF PARTIES' PLANNING MEETING

*Date Complaint Filed:*  November 4, 2003

*Date Complaint Served:*  December 23, 2003

*Date of Defendant's Appearance:*  January 9, 2004

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Mass. L. Civ. R. 16.1, a conference was held on May 17, 2004.  The participants were:  Kathleen A. Moore-Kocot, Esq., for Plaintiff, Jeffrey Kopyscinski, and Susan G. Fentin, Esq., for Defendant, Southworth Company.

I.     **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.    **Jurisdiction**

    A.    <u>Subject Matter Jurisdiction</u>

Subject matter jurisdiction is based on the existence of a federal question under 29 U.S.C. § 660(c) and 28 U.S.C. §§ 1331 and 1367.  Plaintiff maintains that this matter is a State Court issue and remains opposed to jurisdiction being held in this matter.

    B.    <u>Personal Jurisdiction</u>

Personal jurisdiction is not contested.

III.    **Brief Description of Case**

    A.    <u>Claims of Plaintiff</u>

It is the Plaintiff's position that the Defendant wrongfully discharged the Plaintiff in violation of M.G.L. ch. 152 Sec. 75(b), violated public policy by said discharge and retaliated against the Plaintiff for filing a workers' compensation claim and raising safety violations.

    B.    <u>Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants</u>

The Defendant denies the factual allegations that form the basis for the Plaintiff's claims. The Defendant has also asserted the following defenses:  failure to exhaust administrative remedies; failure to mitigate; and the exclusivity provision of Mass. Gen. L. c. 152.

    C.    <u>Defenses and Claims of Third Party Defendant(s)</u>

Not applicable.

IV.    **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.      Southworth Company ("Southworth") is a Massachusetts corporation with a principal place of business at 265 Main Street, Agawam, Massachusetts 01001.

2.      The Plaintiff, Jeffrey Kopyscinski, was hired by the Defendant, Southworth Company, on or about October 9, 2000.

3.      The Plaintiff was trained on and worked with box forming machines.

4.      The Plaintiff was injured at work on or about April 11, 2002.

5.      The Plaintiff returned to work on April 17, 2002.

6.      Defendant filed Form 101 with the Department of Industrial Accidents on or about May 20, 2002, stating the circumstances of the Plaintiff's accident.

V.      **Case Management Plan**

A.      Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

B.      Early Settlement Conference

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.      The parties do not request an early settlement conference.

3.      The parties do not request a referral for alternative dispute resolution.

C.      Joinder of Parties and Amendment of Pleadings

1.      Plaintiff should be allowed until August 1, 2004, to file motions to join additional parties.

2.      Defendant should be allowed until two (2) weeks after the Plaintiff's submission of any Amended Complaint to file a response to such Complaint.

D.      <u>Discovery</u>

1.      The parties anticipate that discovery will be needed on the following subjects:

        a.      The factual allegations in the Complaint.

        b.      The Plaintiff's claims for damages, including the extent of the Plaintiff's emotional distress, if any.

        c.      The Plaintiff's efforts to mitigate his damages.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by July 1, 2004, and completed (not propounded) by December 31, 2004.

3.      Discovery will be conducted in phases.

4.      The parties anticipate that the Plaintiff will require a total of four (4) depositions of fact witnesses and that the Defendant will require a total of three (3) depositions of fact witnesses.  Fact depositions will commence by July 1, 2004, and be completed by December 31, 2004.

5.      The parties may request permission to serve more than twenty-five (25) interrogatories.

6.      Plaintiff reserves the right to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2004.  Depositions of any such experts will be completed by December 31, 2004.

-4-

7.    Defendant does not intend to call expert witnesses at trial at this time. Defendant reserves the right to identify expert witnesses if necessary and will do so by November 30, 2004.  Depositions of any such experts will be completed by February 28, 2005.

8.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 1, 2005.

E.    Dispositive Motions

Dispositive motions will be filed on or before April 15, 2005.

VI.    **Trial Readiness**

The case will be ready for trial by June 1, 2005.


As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

The Defendant
By Its Attorney,

/s/ Susan G. Fentin
Susan G. Fentin, Esq.
BBO No. 632962
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated:  May 18, 2004

The Plaintiff
By His Attorney,

/s/ Kathleen A. Moore-Kocot
Kathleen A. Moore-Kocot, Esq.
BBO No. 631622
Law Offices of Kathleen A. Moore-Kocot
P.O. Box 162
Agawam, MA  01001
Tel.: (413) 786-1184/Fax: (413) 786-6030

Dated:  May 18, 2004